IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENE VICTORIA RODRIGUEZ, | Civil No. 3:25-cv-1932 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN GREENE, | |
| Respondent | |

## MEMORANDUM

Petitioner Rene Victoria Rodriguez ("Rodriguez") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Rodriguez contends that the Federal Bureau of Prisons ("BOP") refused to consider him for transfer to prerelease custody because of his participation in the Institution Hearing Program ("IHP")[1]. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice.

## I.  Background

### A.  Rodriguez's Criminal History

Rodriguez is serving a 38-month term of imprisonment imposed by the United States District Court for the Southern District of New York for his conviction of conspiracy to

---

[1] U.S. Department of Justice, Federal Bureau of Prisons, Program Statement 5111.04, Institution Hearing Program (May 23, 2017), https://www.bop.gov/policy/progstat/5111.04_cn1.pdf (last visited Dec. 16, 2025).

commit bank fraud. (Doc. 6-2, Declaration of BOP Case Manager Matthew Emerick ("Emerick Decl."), at 2 ¶ 5; Doc. 6-3, Public Information Inmate Data). According to BOP documentation submitted by Respondent, Rodriguez entered BOP custody on June 26, 2024, and his projected release date, via the First Step Act, is August 18, 2026. (Doc. 6-2, Emerick Decl., at 2 ¶ 5; Doc. 6-3). However, a review of the BOP's inmate locator indicates that Rodriguez's projected release date is now August 3, 2026.[2]

B.   Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Rodriguez filed the following three administrative remedies. (Doc. 6-9, Administrative Remedy Generalized Retrieval).

On August 5, 2025, Rodriguez filed administrative remedy 1249640-F1 with the institution, asserting that he was refused placement for a residential reentry center ("RRC")/home confinement. (Doc. 6-9, at 2). The institution denied the remedy on August 11, 2025. (*Id.*). Rodriguez did not appeal to the Regional or Central Offices. (*See* Doc. 6-9).

On August 5, 2025, Rodriguez filed administrative remedy 1249643-F1 with the institution, asserting that the BOP failed to apply FSA time credits. (Doc. 6-9, at 2). The institution denied the remedy on August 11, 2025. (*Id.*). Rodriguez appealed to the

---

[2] *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 89662-509) (last visited Dec. 17, 2025).

2

Regional Director, and, on September 18, 2025, the Regional Director denied his appeal. (*Id.* at 3). The Regional Director advised Rodriguez that "[i]nmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement, shall not ordinarily be referred for RRC placement" and concluded that he "will not be referred for RRC placement under the [Second Chance Act] or FSA as [he] [is] a non-US citizen pending Institution Hearing Program (IHP) proceedings." (Doc. 6-10). The Regional Director further advised Rodriguez that he must file an appeal to the Central Office within 30 calendar days of the September 18, 2025 response. (*Id.*). Rodriguez did not appeal to the Central Office. (*See* Doc. 6-9).

C.   FSA Time Credits

Rodriguez has earned time credits under the First Step Act. (Docs. 6-3, 6-8). On July 1, 2024, Rodriguez began participating in the Institution Hearing Program. (Doc. 6-2, Emerick Decl. at 2 ¶ 8; Doc. 6-5, Individualized Needs Plan). On July 8, 2025, Rodriguez's Unit Team conducted an Individualized Needs Plan-Program Review. (Doc. 6-2, Emerick Decl. at 2 ¶ 9; Doc. 6-5, Individualized Needs Plan). At that time, the Unit Team reviewed Rodriguez for prerelease placement under the five factors of the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 and 3624. (Doc. 6-2, Emerick Decl. at 2 ¶ 9; Doc. 6-5, Individualized Needs Plan). The Unit Team considered and evaluated the five factors as follows: (1) facility resources: Dominican Republic; (2) offense: conspiracy to commit bank fraud; (3) prisoner: clear conduct; (4) court statement: house Alien Criminal Apprehension

3

Program to NYC area; and (5) sentencing commission: United States Sentencing Commission has not issued any policy statements related to BOP prerelease RRC procedure. (Doc. 6-5, at 3). As a result of the review, the Unit Team determined that Rodriguez did not qualify for prerelease placement under the Second Chance Act due to his immigration status and his status as an Institution Hearing Program participant. (Doc. 6-2, Emerick Decl. at 2 ¶¶ 9-10, 12-13; Doc. 6-5). Pursuant to BOP Program Statement 5111.04, inmates designated as participating in the IHP cannot be transferred to RRC placement or home confinement until their hearing is complete. (Doc. 6-2, Emerick Decl. at 2 ¶ 6).

### D. Claims Raised in the Habeas Petition

In his Section 2241 petition, Rodriguez alleges that the BOP denied him evaluation and placement consideration to prerelease custody due to his IHP status and, specifically, denied him 120 days of home confinement. (Docs. 1, 1-2). Respondent first asserts that the Section 2241 petition should be dismissed because Rodriguez failed to exhaust his administrative remedies. (Doc. 6). Respondent next contends that the petition fails on the merits because Rodriguez is not eligible for prerelease placement due to his IHP status, and he has no right or entitlement to a particular amount of time in prerelease custody. (*Id.*). Finally, Respondent posits that this Court lacks jurisdiction to review the matter. (*Id.*). The Court finds that Rodriguez failed to properly exhaust his claims, and he is not eligible for

prerelease placement due to his IHP status; thus, the Court need not reach Respondent's remaining arguments.

## II.  **Discussion**

### A.  Administrative Exhaustion

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S.

5

509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Rodriguez filed an administrative remedy concerning the application of FSA time credits—number 1249643-F1—he undisputably

6

failed to properly exhaust that remedy. (Docs. 6-9, 6-10). Rodriguez filed administrative remedy 1249643-F1 at the institution level. (Doc. 6-9). Upon review, the institution denied the remedy. (*Id.*). Rodriguez appealed to the Regional Director, and, on September 18, 2025, the Regional Director denied his appeal. (*Id.* at 3). The undisputed record confirms that Rodriguez did not appeal to the Central Office—the necessary step to fully exhaust his administrative remedy. (*Id.*).

The record also reflects that, although Rodriguez filed an administrative remedy concerning placement in an RRC or home confinement—number 1249640-F1—he undisputably failed to properly exhaust that remedy. (Doc. 6-9). Rodriguez filed administrative remedy 1249640-F1 at the institution level. (Doc. 6-9). Upon review, the institution denied the remedy. (*Id.*). The undisputed record confirms that Rodriguez did not appeal to the Regional or Central Offices—the necessary steps to fully exhaust his administrative remedy. (*Id.*).

Rather than comply with the Administrative Remedy process, Rodriguez bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Rodriguez concedes his failure to exhaust. (Doc. 1, at 3; Doc. 1-6). He contends that exhaustion should be excused as futile due to a BOP policy that makes him categorically ineligible for placement in prerelease custody. (*See* Doc. 1-6, stating: "[t]he BOP's denial categorically excluded [him] from SCA consideration because of [his]

7

alienage"). Rodriguez thus contends that his claim "is reviewable without pursuing further remedies." (*Id.*; *see also* Doc. 1, at 3). However, this single assertion falls short of making a "clear and positive showing" of futility to excuse exhaustion. *Wilson*, 475 F.3d at 175. His unsupported and conclusory claim that exhaustion should be waived is insufficient to circumvent the prudential exhaustion requirement for Section 2241 petitions. Rodriguez has not fully exhausted his claim and has not given the BOP a full opportunity to consider this claim. Accordingly, his claim is unexhausted and generally unreviewable.

The Court finds that Rodriguez's claim must first be presented to BOP officials and fully and properly exhausted. Because Rodriguez did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, the habeas petition must be dismissed.

B. <u>Participation in the Institution Hearing Program</u>

Title 8 U.S.C. § 1228(a) requires the Attorney General to provide special removal proceedings in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence. These procedures are outlined in BOP Program Statement 5111.04, Institution Hearing Program. Foreign born, non-U.S. citizens who are serving federal sentences are eligible to participate in the Institution Hearing Program. (Doc. 6-2, Emerick Decl., at 2 ¶ 6; BOP Program Statement 5111.04, https://www.bop.gov/policy/progstat/5111.04_cn1.pdf (last visited Dec. 17, 2025). The IHP is a coordinated effort between the BOP, the United States Immigration and Customs

Enforcement ("ICE"), and the Executive Office for Immigration Review. (*Id.*). The program provides procedures to ensure the maximum number of eligible inmates in BOP custody participate in the IHP while serving their sentences to allow ICE "to effect removal immediately upon completion of an inmate's sentence" (to avoid further detaining them once their criminal sentence is completed). Program Statement 5111.04, at 1, 12.

ICE lodged a detainer against Rodriguez. (Doc. 6-2, Emerick Decl., at 2 ¶ 7; Doc. 6-4). Because of this detainer, Rodriguez is a participant in the IHP and has participated since July 1, 2024. (Doc. 6-2, Emerick Decl., at 2 ¶ 8; Doc. 6-5). Program Statement 5111.04 provides that if an inmate is at a hearing site and participating in the IHP, he "should not be transferred until the hearing is completed." Program Statement 5110.04, at 12; *see also* Doc. 6-2, Emerick Decl., at 2 ¶ 10. Rodriguez is participating in the IHP and, pursuant to BOP Program Statement 5111.04, he cannot be transferred until the hearing is complete. If Rodriguez completes the IHP with a determination that he is not subject to removal, he would again be reviewed for potential referral to a halfway house. Therefore, he is not presently eligible for referral to an RRC.

## III.    Conclusion

For the foregoing reasons, the Court will dismiss without prejudice the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 17, 2025